UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES R. GREFER,

                    Plaintiff,

    v.                                                         5:23-CV-178
                                                               (MAD/ATB)

NEW YORK STATE DEPT/BOARD OF
EDUCATION,

                    Defendant.

---

CHARLES R. GREFER, Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

**I.    Introduction**

On January 3, 2023, plaintiff, a prisoner[1] proceeding pro se, commenced this action by filing a complaint in the United States District Court for the Western District of New York ("W.D.N.Y."), together with an application to proceed in forma pauperis ("IFP"). (Complaint ("Compl."), Dkt. No. 1; Dkt. No. 2). On January 18, 2023, Chief United States District Judge Elizabeth A. Wolford ordered administrative closure of the action, because plaintiff failed to submit a properly completed IFP application. (Dkt. No. 3). In that order, Judge Wolford afforded plaintiff thirty days to either pay the filing fee or submit a properly completed IFP application. (*Id.*). On January 23, 2023, plaintiff renewed his motion to proceed IFP. (Dkt. No. 5). By order filed on February 7, 2023, Judge Wolford vacated the judgment administratively closing this action and transferred it to the Northern District of New York, because the defendant "resides" in

---

[1] Plaintiff was a prisoner confined to the Cayuga County Jail at the time he commenced this action.

Albany, New York, and because plaintiff "alleges the events underlying the claims occurred in Albany." (Dkt. No. 6 at 2) (the "Transfer Order"). In the Transfer Order, Judge Wolford made no ruling as to the sufficiency of the complaint, nor did she consider the merits of plaintiff's renewed motion to proceed IFP. (*Id.* at 3). The complaint and plaintiff's IFP application are now before this court for review.

## II.    IFP Application/Three Strikes

### A.    Legal Standards

Where a plaintiff seeks leave to proceed in forma pauperis, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the court's filing fee of four and two hundred dollars ($402). The court must also determine whether the "three strikes" provision of § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee. The "three strikes" section of the PLRA prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). Specifically, § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If the plaintiff is indigent and not barred by Section 1915(g), the

2

Court must also consider whether the causes of action stated in the complaint are, inter alia, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

IFP status is a privilege, not a right. *Carter v. Miller,* No. 9:22-CV-1086 (MAD/DJS), 2022 WL 16834055, at *1 (N.D.N.Y. Nov. 9, 2022) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)). The District Court is vested with the discretion to revoke that privilege "when the goals of § 1915 are not being furthered." *Id.* (citing *Anderson v. Hobbs*, No. 12-CV-6117, 2014 WL 4425802, at *5 (W.D. Ark. Sept. 9, 2014)); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right [. . .] [c]ourts have the discretion to revoke that privilege when it no longer serves its goals.") (citing *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991) and *Murphy v. Jones*, 801 F. Supp. 283, 288–89 (E.D. Mo. 1992)).

**B.     Application**

Plaintiff declares that he is unable to pay the filing fee in the instant action, and seeks to proceed IFP. (Dkt. No. 5). Having reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to court Electronic Records ("PACER") Service, this court concludes that plaintiff has accrued at least three strikes pursuant to section 1915(g) prior to commencing the instant action, and is therefore precluded from proceeding IFP.

On July 1, 2019, while detained at the Monroe County Jail ("MCJ") in Rochester, New York, plaintiff filed a complaint against various individuals concerning the

circumstances leading up to his confinement. *See Grefer v. Grant*, No. 6:19-CV-6498 (EAW) (W.D.N.Y.) (Dkt. No. 1). Upon initially screening the complaint[2] pursuant to § 1915, Judge Wolford concluded that plaintiff's claims were subject to dismissal. (*Id.* Dkt. No. 17). However, she granted plaintiff the opportunity to file an amended complaint as to certain causes of action raised. (*Id.*). Plaintiff filed an amended complaint on May 3, 2021. (*Id.* Dkt. No. 23). The amended complaint was dismissed with prejudice by Judge Wolford on October 28, 2021, for failure to state a claim. (*Id.* Dkt. No. 24).

On August 23, 2019, plaintiff, still a detainee at the MCJ, filed a complaint against various individuals concerning his medical treatment. *See Grefer v. Morrocco*, No. 6:19-CV-6618 (EAW) (W.D.N.Y.) (Dkt. No. 1). Upon her initial screening of this complaint, Judge Wolford similarly concluded that plaintiff's claims were subject to dismissal, but afforded plaintiff the opportunity to file an amended complaint. (*Id.* Dkt. No. 25). Judge Wolford further directed the clerk of the court to close the case as dismissed with prejudice, in the event that plaintiff did not file an amended complaint by the imposed deadline. (*Id.*). On June 23, 2021, the clerk of the W.D.N.Y. entered judgment in favor of the defendants and dismissed the *Morrocco* action with prejudice, in light of plaintiff's failure to amend. (*Id.* Dkt. No. 26).

On January 24, 2020, while incarcerated at Elmira Correctional Facility, plaintiff filed a complaint against, inter alia, the New York State Department of Education

---

[2]In addition to his original complaint, plaintiff filed an "Amended Complaint" on July 15, 2019, and another "Amended Complaint" on September 3, 2019. (*Id.* Dkt. Nos. 3, 6). For purposes of her initial screening order, Judge Wolford considered plaintiff's supplemental filings in addition to plaintiff's original complaint. (*Id.* Dkt. No. 17 at 2).

4

concerning the revocation of his license to practice as a mental health counselor. *See Grefer v. Director*, No. 6:20-CV-6054 (FPG) (W.D.N.Y.) (Dkt. No. 1). Based upon his initial screening of the complaint, United States District Judge Frank P. Geraci, Jr. concluded that plaintiff's claims were subject to dismissal, but afforded plaintiff leave to file an amended complaint within sixty days. (*Id.* Dkt. No. 7). Judge Geraci directed the clerk of the court to close the case as dismissed with prejudice if plaintiff failed to amend his complaint within the imposed deadline. (*Id.*). On April 29, 2021, the clerk of the W.D.N.Y. entered judgment in favor of the defendants and dismissed the complaint with prejudice, in light of plaintiff's failure to amend. (*Id.* Dkt. No. 15).

The court's review of the docket activity in the aforementioned actions reveals that, sometime after plaintiff filed his original complaint in each case, he was released from custody. (*See Grant* Dkt. Nos. 15, 16, 20; *Morrocco* Dkt. Nos. 17, 18, 23; *Director* Dkt. Nos. 6, 12). Notwithstanding plaintiff's change in status, because plaintiff was detained and/or incarcerated when he filed *Grant*, *Morrocco*, and *Director*, "he was a prisoner subjected to the PLRA's restrictions at the time he filed the case[s] and faced the PLRA's restrictions." *Burns v. Schell*, No. 20-CV-5582, 2020 WL 6365556, at *3 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (citing *Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.' ")). Accordingly, the court is not precluded from considering these actions as relevant to the inquiry under § 1915(g).

5

For the reasons stated above, the court finds that the dismissals of *Grant, Morrocco* and *Director* qualify as strikes for purposes of 28 U.S.C. § 1915(g). Each of these actions was commenced while plaintiff was incarcerated and/or detained, and were ultimately dismissed for plaintiff's failure to state a claim. Thus, unless it appears that the "imminent danger" exception to the three-strikes rule is applicable to this action, plaintiff may not proceed IFP.

## III. Imminent Danger Exception

### A. Legal Standards

The imminent-danger exception protects a prison inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a

6

three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99. "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

B.   **Application**

In his complaint, plaintiff alleges that the defendant New York State Department/Board of Education "inactivate[d]/revoke[d]" plaintiff's license to practice as a mental health counselor, "without notice or due process depriving [plaintiff] of his occupation and income . . . from 2019 through [the] present[.]" (Compl. at 1). Plaintiff cites resulting harms including ongoing "financial," "reputational," and "occupational" damages, loss of employment opportunities, "an impoverished lifestyle," and "legal difficulties resulting in a loss of liberty." (*Id.*). He further alleges having suffered "social, psychological, physiological and economic trauma and strife." (*Id.*).

Upon careful review of the complaint, the court finds that plaintiff has failed to plead facts sufficient to place him within the imminent danger exception provided by § 1915(g). Even liberally construed, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff's allegations do not plausibly suggest that he was at risk of an "imminent danger of serious physical injury" when he filed this action; particularly any imminent danger for which plaintiff is now seeking judicial remedy. *See Akassy v. Hardy,* 887 F.3d 91, 97 (2d Cir. 2018) ("[A]s the 'unmistakable purpose' of the imminent-danger exception to the three-strikes bar 'is to permit an indigent three-strikes prisoner to

7

proceed IFP in order to obtain a judicial remedy *for* an imminent danger,' 'there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint.'") (quoting *Pettus*, 554 F.3d at 297 (emphasis added)). Because plaintiff fails to meet the exception to the three-strikes provision set forth in § 1915(g), he is not entitled to proceed IFP in this action.

The court also takes notice that the instant action is one of several that were recently filed by the plaintiff, and are currently pending initial review in this district.[3] Upon cursory review, the complaint in this action appears to raise duplicative issues of a complaint that was previously dismissed in the W.D.N.Y.[4] Plaintiff is cautioned that the filing of vexatious, harassing, or duplicative lawsuits may result in the imposition of sanctions, including limitations on his ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, No. 14-CV-0320 (GTS), 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) ("[A] federal district court may impose reasonable filing restrictions on a pro se litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a pro se plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be

---

[3]*See Grefer v. Chirco,* Case No. 5:23-CV-00174 (BKS/ML) (N.D.N.Y.); *Grefer v. Cornelius,* Case No. 5:23-CV-172 (GTS/ATB); *Grefer v. Cayuga County Sheriff Schenk*, Case No.5:23-CV-176 (GTS/ATB); *Grefer v. Cayuga County et al.*, Case No. 5:23-CV-177 (GTS/ATB); *Grefer v. Valdina,* Case No. 5:23-CV-179 (GTS/ATB); *Grefer v. Cayuga County Sheriff,* Case No. 9:23-CV-169 (DNH/ATB) (N.D.N.Y.).

[4]*Compare Grefer v. New York State Dept.*, Case No. 5:23-CV-00178 (MAD/ATB) (N.D.N.Y.), *with Grefer v. Director*, No. 6:20-CV-6054 (FPG) (W.D.N.Y.).

instituted by the court as an appropriate sanction); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system.").

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to proceed IFP (Dkt. No. 5) be **DENIED** because plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g), and is not entitled to the "imminent danger" exception, and it is

**RECOMMENDED**, that the action be **DISMISSED WITHOUT PREJUDICE**, unless within **THIRTY (30) DAYS** of the date of the Court's order approving this Recommendation, plaintiff pays the court's filing fee of four hundred and two dollars ($402.00) in full, and it is

**RECOMMENDED**, that upon plaintiff's compliance with the District Court's order, the Clerk be directed to return the file to me for review of plaintiff's complaint in accordance with 28 U.S.C. § 1915A, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary*

9

*of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 22, 2023

                                                                 _Andrew T. Baxter_
Andrew T. Baxter
U.S. Magistrate Judge