UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CHARLES R. GREFER,**

        **Plaintiff,**

vs.               5:23-CV-178
                  (MAD/ATB)
**NEW YORK STATE DEPT/BOARD OF EDUCATION,**

        **Defendant.**

---

**APPEARANCES:**        **OF COUNSEL:**

**CHARLES R. GREFER**
470 Meigs Street
Suite 3
Rochester, New York 14607
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On January 3, 2023, Plaintiff, a prisoner[1] proceeding *pro se*, commenced this action by filing a complaint in the United States District Court for the Western District of New York ("W.D.N.Y."), together with an application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. Plaintiff's complaint alleges that he was subject to, "unlawful[] search and seizure of [his] professional [mental health counselor] license" and was "denied due process" which resulted in, "financial … reputational and occupational damage." Dkt. No. 1 at ¶¶ 2-3. Plaintiff seeks

---

[1] Plaintiff was a prisoner confined to the Cayuga County Jail at the time he commenced this action.

1

$5,550,000 in damages, $3,000,000 in punitive damages, and injunctive relief in the form of reinstatement of his professional license and "a formal letter of error and apology." *Id.* at ¶ 4.

On January 18, 2023, Chief United States District Judge Elizabeth A. Wolford ordered administrative closure of the action, because Plaintiff failed to submit a properly completed IFP application. *See* Dkt. No. 3. In that order, Judge Wolford afforded Plaintiff thirty days to either pay the filing fee or submit a properly completed IFP application. *See id.* On January 23, 2023, Plaintiff renewed his motion to proceed IFP. *See* Dkt. No. 5. By order filed on February 7, 2023, Judge Wolford vacated the judgment administratively closing this action and transferred it to the Northern District of New York because Defendant "resides" in Albany, New York, and Plaintiff "alleges the events underlying the claims occurred in Albany." Dkt. No. 6 at 2 (the "Transfer Order").

In an Order and Report-Recommendation issued on February 22, 2023, Magistrate Judge Andrew T. Baxter denied Plaintiff's motion to proceed IFP, holding that it was barred by the "three strikes" rule under 28 U.S.C. § 1915(g) and that Plaintiff was not entitled to the "imminent danger" exception. Dkt. No. 8 at 9. Magistrate Judge Baxter recommended that Plaintiff's complaint be dismissed without prejudice unless Plaintiff paid the court's filing fee of $402.00 within thirty days. *Id.*

On March 20, 2023, Plaintiff moved to have the case transferred back to the W.D.N.Y., asserting that the case was transferred to the Northern District of New York "unduly."[2] Dkt. No. 12. On March 22, 2023, Plaintiff objected to Magistrate Judge Baxter's Order and Report-Recommendation arguing that the "unusual circumstances" of the COVID-19 pandemic should preclude the application of the "three strikes" rule of 28 U.S.C. § 1915(g). *See* Dkt. No. 13 at 2-3.

---

[2] The dismissal of this case renders this motion moot.

2

Plaintiff also moved to appoint counsel citing his "past and present mistakes as a *pro se* litigant without law library resources." *Id.* at 5.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background in this matter and, to the extent consistent with the record, adopts the factual recitation contained in Magistrate Judge Baxter's February 22, 2023, Order and Report-Recommendation. *See* Dkt. No. 8.

## III. DISCUSSION

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) … the court shall dismiss the case at any time if the court determines that-- … (B) the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations

3

for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, on *de novo* review, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's IFP status was barred by the "three strikes" rule under 28 U.S.C. § 1915(g) and that Plaintiff was not entitled to the "imminent danger" exception. Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the court's filing fee of $402.00. The Court must also determine whether the "three strikes" provision of § 1915(g) bars the plaintiff from proceeding IFP and without prepayment of the filing fee. The "three strikes" rule of 28 U.S.C. § 1915(g) prohibits the filing of an IFP action when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b).

IFP status is a privilege and not a right. *Carter v. Miller*, No. 9 22-CV-1086, 2022 WL 16834055, *1 (N.D.N.Y. Nov. 9, 2022) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983)). The district court is vested with the discretion to revoke that privilege "when the goals of § 1915 are not being furthered." *Id.* (citing *Anderson v. Hobbs*, No. 12-CV-6117, 2014 WL 4425802, *5 (W.D. Ark. Sept. 9, 2014)); *see also Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir.

4

1996) ("Leave to proceed without payment of fees and costs is a privilege, not a right … Courts have the discretion to revoke that privilege when it no longer serves its goals").

Here, Magistrate Judge Baxter correctly determined that Plaintiff's prior complaints qualified as strikes for the purposes of 28 U.S.C. § 1915(g) as each of these actions were commenced while the Plaintiff was incarcerated and/or detained and were ultimately dismissed for Plaintiff's failure to state a claim. Although Plaintiff was released from custody sometime after he filed these complaints, because he was detained and/or incarcerated when he originally filed them, "he was a prisoner subjected to the PLRA's restrictions at the time he filed the case[s] and faced the PLRA's restrictions." *Burns v. Schell*, No. 20-CV-5582, 2020 WL 6365556, *3 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (citing *Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint'")).

The "imminent danger" exception of 28 U.S.C. § 1915(g) protects a prison inmate, who is exposed to potential danger, from the consequences of his earlier mistakes in filing frivolous litigation. The Second Circuit has held that "for a prisoner to qualify for the imminent exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citing *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002)). Additionally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Id.* at 297. When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint.

5

In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.  "[T]hough [the court] is obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis*, 618 F.3d at 170.

Here, Magistrate Judge Baxter correctly determined that Plaintiff failed to plead facts sufficient to place him within the imminent danger exception provided by § 1915(g).  In his complaint, Plaintiff alleged that Defendant "inactivate[d]/revoke[d]" Plaintiff's license to practice as a mental health counselor, "without notice or due process depriving [Plaintiff] of his occupation and income … from 2019 through [the] present[.]"  Dkt. No. 1 at ¶ 3.  Plaintiff claims numerous harms including ongoing "financial," "reputational," and "occupational" damages, loss of employment opportunities, "an impoverished lifestyle," "legal difficulties resulting in a loss of liberty," and "social, psychological, physiological and economic trauma and strife," but failed to identify any "imminent danger of serious physical injury." *See id.* at 1; *see also Pettus*, 554 F.3d at 297.

Even liberally construed, Plaintiff's allegations do not plausibly suggest that he was at risk of an "imminent danger of serious physical injury" when he filed this action; particularly any imminent danger for which he is now seeking judicial remedy. *See Akassy v. Hardy*, 887 F.3d 91, 97 (2d Cir. 2018) ("[A]s the 'unmistakable purpose' of the imminent-danger exception to the three-strikes bar 'is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger,' there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint'")

6

(quoting *Pettus*, 554 F.3d at 297). Furthermore, Plaintiff failed to allege any facts demonstrating imminent-danger in his objection to Magistrate Judge Baxter's Order and Report-Recommendation. Plaintiff merely asserted that the "unusual circumstances" of the COVID-19 pandemic should preclude the application of the three strikes rule under § 1915(g). *See* Dkt. No. 13 at 2-3.

Accordingly, Plaintiff's complaint is dismissed without prejudice.

### IV. CONCLUSION

After carefully reviewing the Order and Report-Recommendation, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Order and Report-Recommendation (Dkt. No. 8) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint shall be **DISMISSED WITHOUT PREJUDICE**, unless within **THIRTY (30) DAYS** of the date of this Order, Plaintiff pays the filing fee of four hundred and two dollars ($402.00) in full; and the Court further

**ORDERS** that upon Plaintiff's compliance with this Order, the Clerk of the Court shall return the file to Magistrate Judge Baxter for review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 20, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge